DAVID R. GARCIA, Cal. Bar No. 151349
GARY A. CLARK, Cal. Bar No. 65455
JANENE P. BASSETT, Cal. Bar No. 197722
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant and Counterclaimant
CORNICE, INC.

[Additional Defense Counsel Listed on Last Page]

MORGAN CHU, Cal. Bar No. 70446
BRUCE A. WESSEL, Cal. Bar No. 116734
ELLISEN S. TURNER, Cal. Bar No. 224842
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: 310-277-1010
Facsimile: 310-203-7199

Attorneys for Plaintiff and Counterdefendant
WESTERN DIGITAL TECHNOLOGIES, INC.

FILED
CLERK, U.S. DISTRICT COURT
NOV - 4 2004
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ✓

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNICE, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. CV-04-4718 MMM (FMOx) <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

DOCKETED ON CM
NOV - 5 2004

# STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect confidential or proprietary technical, commercial, financial, scientific, business or trade-secret information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

## INFORMATION SUBJECT TO THIS ORDER

1. For purposes of this Order, "**CONFIDENTIAL INFORMATION**" shall mean all information or material which is produced for or disclosed to a receiving party, which a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party. **CONFIDENTIAL INFORMATION** shall include only information that is properly subject to protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and no information shall be designated **CONFIDENTIAL INFORMATION** unless the producing party or its counsel has first made a good faith determination that such protection is warranted. Any **CONFIDENTIAL INFORMATION** obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2. Any document or tangible thing containing or including any **CONFIDENTIAL INFORMATION** may be designated as such by the producing

party by marking it "**CONFIDENTIAL**" prior to or at the time copies are furnished to the receiving party.

3. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "**CONFIDENTIAL**" by the reporter. Any portions so designated shall thereafter be separated and treated in accordance with the terms of this Order.

4. All **CONFIDENTIAL INFORMATION** not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

5. Any documents (including physical objects) made available for initial inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute **CONFIDENTIAL INFORMATION** and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as **CONFIDENTIAL INFORMATION** prior to furnishing copies to the receiving party.

6. The following information is not **CONFIDENTIAL INFORMATION**:

    a. any information which at the time of disclosure to a receiving party is in the public domain;

    b. any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order;

    c. any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

        d.    any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's **CONFIDENTIAL INFORMATION**.

## NO WAIVER OF PRIVILEGE

7.    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court.

## DISCOVERY RULES REMAIN UNCHANGED

8.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the local rules of this District, and any order, including standing orders, issued by the Court.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

### Counsel

9.    Counsel for a receiving party shall have access to the producing party's **CONFIDENTIAL INFORMATION**. The term "counsel" shall mean outside counsel for the parties working on this litigation, including supporting personnel

employed by the attorneys, such as in-house science advisors, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

### Technical Advisers

10. **CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and disclosed to technical advisers, subject to the requirements of Paragraph 11. The term "technical adviser" shall mean any person (and supporting personnel) including but not limited to a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

11. Should a receiving party find it necessary for maintaining, defending, or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** to a technical adviser, the receiving party shall first give written notice to the producing party, who shall have seven (7) days after such notice is given (plus three (3) days if notice is given by Federal Express) to object in writing and to provide a written explanation of the basis for the objection. The party desiring to disclose **CONFIDENTIAL INFORMATION** to a technical adviser shall provide the curriculum vitae of such technical adviser and shall include the following information about such technical adviser in the written notice:

    a.   business address;
    b.   business title;
    c.   business or profession;
    d.   any previous or current relationship (personal or professional) with any of the parties; and

   e. a listing of other cases in which the technical adviser has testified (at trial or deposition), and all companies with which the technical adviser has consulted or by which the technical adviser has been employed, within the last four years.

  No **CONFIDENTIAL INFORMATION** shall be disclosed to such technical adviser until after the expiration of the foregoing notice period. If, however, during the notice period, the producing party objects to the disclosure of **CONFIDENTIAL INFORMATION** to the technical adviser, there shall be no disclosure of **CONFIDENTIAL INFORMATION** to such technical advisor pending resolution of the objection. The receiving party shall initiate the discovery dispute procedures set forth in Local Rules 37-1 through 37-4 in order to resolve the producing party's objection. Consent to the disclosure of **CONFIDENTIAL INFORMATION** to the technical adviser shall not be unreasonably withheld. If no objection is timely made, then any objection to the technical adviser is waived, and any **CONFIDENTIAL INFORMATION** may be thereafter disclosed to such technical adviser. Whether or not an objection is made, no document designated by a producing party as **CONFIDENTIAL** shall be disclosed by a receiving party to a technical adviser unless counsel for the receiving party first obtains from such person a confidentiality agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party.

  **<u>Control Group of Employees/Managers/ Corporate Board of Directors</u>**

  12. **CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a receiving party to a control group of no more than three (3) individuals who are in-house counsel, employees, managers and/or members of the corporate board of directors of such

receiving party with responsibility for maintaining, defending or evaluating this litigation (and supporting clerical personnel), subject to the requirements of Paragraph 13.

13. Should a receiving party find it necessary for maintaining, defending, or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** to an individual identified in paragraph 12, the receiving party shall first give written notice of that individual's name and employment function to the producing party, who shall have seven (7) days after such notice is given (plus three (3) days if notice is given by Federal Express) to object in writing and to provide a written explanation of the basis for the objection.

No **CONFIDENTIAL INFORMATION** shall be disclosed to such individual until after the expiration of the foregoing notice period. If, however, during the notice period, the producing party objects to the disclosure of **CONFIDENTIAL INFORMATION** to the individual, there shall be no disclosure of **CONFIDENTIAL INFORMATION** to such individual pending resolution of the objection. The receiving party shall initiate the discovery dispute procedures set forth in Local Rules 37-1 through 37-4 in order to resolve the producing party's objection. Consent to the disclosure of **CONFIDENTIAL INFORMATION** to the individual shall not be unreasonably withheld. If no objection is timely made, then any objection to the individual is waived, and any **CONFIDENTIAL INFORMATION** may be thereafter disclosed to such individual. Whether or not an objection is made, no document designated by a producing party as **CONFIDENTIAL** shall be disclosed by a receiving party to an individual unless counsel for the receiving party first obtains from such person a confidentiality agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party.

### Data Processing Vendors and Graphics/Trial Consultants

14. **CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to data processing vendors; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consulting services, including mock jurors, retained by counsel. The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action.

15. Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** to any of the persons or services described in paragraph 14, counsel for the receiving party shall first obtain from such person or service a confidentiality agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

16. The parties will use reasonable care when designating documents or information as **CONFIDENTIAL INFORMATION** . Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as **CONFIDENTIAL INFORMATION** have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the **CONFIDENTIAL** designation with respect to any document or information contained therein.

17. A party shall not be obligated to challenge the propriety of a **CONFIDENTIAL** designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

18. Challenges to confidentiality designations shall be written, shall be served on counsel for the producing party, shall particularly identify the documents or information that the receiving party contends should be differently designated, and shall comply with the procedures set forth in Local Rule 37-1 through 37-4, including timing and substantive requirements.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

19. **CONFIDENTIAL INFORMATION** shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced **CONFIDENTIAL INFORMATION** shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

20. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all **CONFIDENTIAL INFORMATION** of which such person has prior knowledge, subject to any appropriate objections. Without in any way limiting the generality of the foregoing:

   a. A present director, officer, and/or employee of a producing party may be examined and may testify concerning all **CONFIDENTIAL INFORMATION** which has been produced by that party;

   b. A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all **CONFIDENTIAL INFORMATION** of which he or she has prior knowledge, including any **CONFIDENTIAL INFORMATION** that refers to matters of which

1  the witness has personal knowledge, which has been produced by that party and
2  which pertains to the period or periods of his or her employment; and
3         c.    Non-parties may be examined or testify concerning any
4  document containing **CONFIDENTIAL INFORMATION** of a producing party
5  which appears on its face or from other documents or testimony to have been
6  received from or communicated to the non-party as a result of any contact or
7  relationship with the producing party, or a representative of such producing party.
8  Any person other than the witness, his or her attorney(s), and any person qualified to
9  receive **CONFIDENTIAL INFORMATION** under this Order shall be excluded
10 from the portion of the examination concerning such information, unless the
11 producing party consents to persons other than qualified recipients being present at
12 the examination.
13     21.   All transcripts of depositions, exhibits, answers to interrogatories,
14 pleadings, briefs, and other documents submitted to the Court which have been
15 designated as **CONFIDENTIAL INFORMATION** or which contain information
16 so designated, shall be filed under seal, according to the procedures set forth in
17 Local Rule 79-5.1. The parties shall cooperate in good faith concerning stipulating,
18 subject to the Court's consent, to filing the foregoing materials under seal.
19            **NONPARTY USE OF THIS PROTECTIVE ORDER**
20     22.   A nonparty producing information or material voluntarily or pursuant
21 to a subpoena or a court order may designate such material or information as
22 **CONFIDENTIAL INFORMATION** pursuant to the terms of this Protective
23 Order.
24     23.   A nonparty's use of this Protective Order to protect its
25 **CONFIDENTIAL INFORMATION** does not entitle that nonparty access to
26 **CONFIDENTIAL INFORMATION** produced by any party in this case.
27
28

## MISCELLANEOUS PROVISIONS

24. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

25. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody **CONFIDENTIAL INFORMATION** which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to **CONFIDENTIAL INFORMATION**; provided, that all **CONFIDENTIAL INFORMATION**, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, and exhibits offered or introduced into evidence at trial.

26. The Court's jurisdiction to enforce the terms of this order shall terminate six months after the entry of a final non-appealable judgment or order, or complete settlement of all claims asserted against all parties in this action.

27. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

28. The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning **CONFIDENTIAL INFORMATION**

produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division.

Dated: November 3, 2004         SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
         GARY A. CLARK
Attorneys for Defendant and Counterclaimant
CORNICE, INC.

Dated: November 3, 2004         IRELL & MANELLA LLP

By _____
         ELLISEN S. TURNER
Attorneys for Plaintiff and Counterdefendant
WESTERN DIGITAL TECHNOLOGIES, INC.

## ORDER

IT IS SO ORDERED.

Dated: _____November 4_____, 2004

_____
UNITED STATES ~~DISTRICT~~ JUDGE
                Magistrate

Additional Defense Counsel:

MATTHEW D. POWERS, Cal. Bar No. 104795
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

RUSSELL WHEATLEY, *Pro Hac Vice*
STEVEN MORGAN, *Pro Hac Vice*
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

1  produced under the protection of this Protective Order shall be resolved by the
2  United States District Court for the Central District of California, Western Division.

3
4  Dated: November 3, 2004            SHEPPARD MULLIN RICHTER & HAMPTON LLP

5
6                                     By _____
                                              GARY A. CLARK
7
                                       Attorneys for Defendant and Counterclaimant
8                                                CORNICE, INC.

9
10 Dated: November 3, 2004            IRELL & MANELLA LLP

11
12                                     By _____
                                              ELLISEN S. TURNER
13
                                       Attorneys for Plaintiff and Counterdefendant
14                                     WESTERN DIGITAL TECHNOLOGIES, INC.

15                                           **ORDER**

16            IT IS SO ORDERED.

17 Dated: _____, 2004
18                                       _____
                                          UNITED STATES DISTRICT JUDGE
19

20
   Additional Defense Counsel:
21
   MATTHEW D. POWERS, Cal. Bar No. 104795
22 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
23 Redwood Shores, CA 94065
   Telephone: (650) 802-3000
24 Facsimile: (650) 802-3100

25 RUSSELL WHEATLEY, *Pro Hac Vice*
   STEVEN MORGAN, *Pro Hac Vice*
26 WEIL, GOTSHAL & MANGES LLP
   700 Louisiana, Suite 1600
27 Houston, TX 77001
   Telephone: (713) 546-5000
28 Facsimile: (713) 224-9511

DAVID C. RADULESCU, *Pro Hac Vice*
ARLENE HAHN, *Pro Hac Vice*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

SCANNED

SCANNED

# ATTACHMENT A
# CONFIDENTIALITY AGREEMENT

I, _____, state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I have read the Stipulated Protective Order dated _____, 200_, and have been engaged as a _____ on behalf of _____ in the preparation and conduct of litigation between Western Digital Technologies Inc. and Cornice, Inc.

5. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any designated or **CONFIDENTIAL INFORMATION** in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any **CONFIDENTIAL INFORMATION** are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order. I further consent to the jurisdiction of this Court for purposes of enforcing said Order.

1   7.   I state under penalty of perjury under the laws of the United States of
2   America that the foregoing is true and correct.
3
4   Executed on _____, 200_.
5
6                                                   _____

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **November 3, 2004**, I served the following document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested party in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number of the person served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2008(e), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the office of the addressee.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 3, 2004**, at Los Angeles, California.

/s/ Natalie Guerrero
Natalie Guerrero

## SERVICE LIST

| | |
|---|---|
| Morgan Chu, Esquire<br>Bruce A. Wessel, Esquire<br>Ellisen S. Turner. Esquire<br>Irell & Manella<br>1800 Avenue of the Stars, Ste. 900<br>Los Angeles, CA 90067-4276 | Attorneys for Plaintiff and Counterclaim Defendant<br>WESTERN DIGITAL TECHNOLOGIES, INC. |